UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-62105-ROSENBERG

VANGUARD PLASTIC
SURGERY PLLC,

    Plaintiff,

v.

CIGNA HEALTH & LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 6. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

This is a case about health insurance, and the Plaintiff is a business that performs complex medical surgeries. DE 1-2 at 7-8.[1] The Defendant, Cigna Health, is a claim administrator of a health insurance policy held by one of the Plaintiff's patients. *Id.* at 10. The Plaintiff performed multiple surgeries on the patient that resulted in a partial amputation of the patient's leg. *Id.* at 8.

The Plaintiff is not an "in-network" provider for the Defendant, but after performing the surgeries, the Plaintiff submitted claims to the Defendant in the amount of $521,254.00. *Id.* at 10, 17. The Defendant paid the Plaintiff $11,328.77. *Id.* at 17. Very importantly for the instant case, the Plaintiff is *not* seeking to stand in the shoes of the patient and sue the Defendant for the unpaid amount, nor is the Plaintiff seeking to hold the patient liable for the unpaid amount. *Id.* at 8. Instead, the Plaintiff—not the patient—is seeking to hold the Defendant liable for the unpaid

---

[1] For the purposes of a motion to dismiss, the Court accepts all allegations in the Complaint as true.

amount.  To do so, of course, the Defendant would have to have a legal obligation to pay the Plaintiff.  It is the Defendant's purported legal obligation to pay the Plaintiff that forms the central issue in dispute before the Court.

The Plaintiff has four legal theories as to why the Defendant has an obligation to pay, and each theory is a count in the Complaint.  Count I alleges that the parties had an express contract that required the Defendant to pay.  Counts II and IV allege that the parties had an implied-in-fact contract.  Count III is a claim for promissory estoppel, and Count V is a claim for unjust enrichment.  Below, the Court first addresses Count I before turning to Count III and Count V.  The Court addresses Counts II and IV last because those counts raise a closer question.

<u>Count I – Beach of Express Contract</u>

The Plaintiff does not allege the existence of a contract executed by the Plaintiff and the Defendant.  Instead, the Plaintiff alleges that a contract it had with a third party, the Three Rivers Provider Network ("TRPN"), should be deemed to be a contract between the Plaintiff and the Defendant.  This is so, the Plaintiff contends, because TRPN is an agent of the Defendant with the authority to bind the Defendant in contract. DE 16 at 1.

For an agent to bind a principal in contract under Florida law, the Plaintiff must plausibly allege three elements: (1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by the third party in reliance upon such representation." *Lensa Corp. v. Poinciana Gardens Ass'n, Inc.*, 765 So. 2d 296, 298 (Fla. Dist. Ct. App. 2000) (citing *Ideal Foods, Inc. v. Action Leasing Corp.*, 413 So. 2d 416, 418 (Fla. Dist. Ct. App. 1982)).  Additionally, and importantly, "[t]he reliance of a third party on the apparent authority of a principal's agent must be reasonable and rest in the actions of or appearances created by the principal, and 'not by agents who often ingeniously create an appearance of authority by

their own acts.'" *Id.* (citing *Rushing v. Garrett*, 375 So. 2d 903, 906 (Fla. Dist. Ct. App. 1979), and quoting *Taco Bell of Cal. v. Zappone*, 324 So. 2d 121, 124 (Fla. Dist. Ct. App. 1975)).

Applying the foregoing to the Plaintiff's Complaint and focusing upon the first element—a representation *by the principal*—the Court concludes that the Complaint is devoid of factual allegations that the Defendant made any action or representation that TRPN was an authorized agent, able to bind the Defendant in contract. In the alternative, even if the Complaint could be construed to contain some sort of factual allegation on the subject, the Court concludes that the Plaintiff has failed to plausibly allege[2] a principal-agent relationship. In reaching this conclusion, the Court agrees with the decision of Judge Dimitrouleas in *Vanguard Plastic Surgery, PLLC v. Cigna Health & Life Insurance Company*, No. 22-CV-61086, 2023 WL 2168513 (S.D. Fla. Jan. 17, 2023), a case involving the same parties, effectively the same complaint, the same legal issues, and the same conclusion—dismissal.[3] The Court **DISMISSES** Count I.

Count III – Promissory Estoppel

Under Florida law, the elements of promissory estoppel are: (1) a representation as to a material fact that is contrary to a later-asserted position; (2) a reasonable reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon." *Columna, Inc. v. Aetna Health, Inc.*, No. 19-CV-80522, 2019 WL 4345675, at *5 (S.D. Fla. Sept. 12, 2019) (citing *Romo v. Amedex Ins. Co.*, 930 So. 2d

---

[2] For the most part, the Plaintiff relies upon legally conclusory allegations, such as "Defendant, through its agent, TRPN, agreed to the terms [of the alleged contract.]" DE 16 at 6. When the Plaintiff references factual allegations, those allegations go to the Defendant's advertisement that it does business with TRPN, or with TRPN's advertisement that it does business with the Defendant, etc. *Id.* Those allegations do not plausibly allege that the Defendant authorized TRPN to act as an agent, able to bind the Defendant in contract.

[3] The cited case is not the first case that the Plaintiff brought in this District. The Plaintiff has had at least three cases (possibly four) before Judge Dimitrouleas; each case involved the same legal arguments here and in each case Judge Dimitrouleas dismissed the complaint.

643, 650 (Fla. Dist. Ct. App. 2006)).  The Court focuses on the first element—a representation as to a material fact.

Here, the Plaintiff's promissory estoppel claim is premised upon the contention that the Defendant represented that it would pay a certain amount for the Plaintiff's surgeries—an amount far above the amount that it ultimately paid.  To support this contention, the Plaintiff relies upon (i) statements made by TPRN or the terms of the Plaintiff's agreement with TPRN, not the Defendant, (ii) a "savings logo" on the patient's insurance card, and (iii) pre-approvals that the Defendant issued wherein the Defendant represented that the patient had insurance coverage.[4]

The Court has already addressed TRPN; the Court is not persuaded that the Plaintiff has plausibly alleged that TRPN was an agent for the Defendant, able to make binding representations on the Defendant's behalf.  As for a "savings logo"[5] on the patient's insurance card, the Court fails to see how that logo referencing savings equates to (i) a representation from the Defendant, (ii) to the Plaintiff, (iii) that it would pay the Plaintiff whatever rate TPRN determined, and (iv) that the Plaintiff's reliance on the logo would have been a reasonable reliance.

As for the Defendant's pre-approvals of insurance coverage, courts in this District have repeatedly held that a pre-approval of coverage is insufficient to support a claim for promissory estoppel, as pre-approvals of coverage do not equate to a promise to pay any particular amount for a service.  *Id.* at *5; *Vanguard*, 2023 WL 2168513, at *7; *Chiron Recovery Ctr. v. United Healthcare Servs, Inc.*, No. 18-CV-81761, 2020 WL 3547047, at *8 (S.D. Fla. June 30, 2009).  In summary, the Plaintiff has not plausibly alleged the necessary elements for promissory estoppel and Count III is **DISMISSED**.

---

[4] Consistent with the Defendant's pre-approval of coverage, the Defendant did ultimately make a payment to the Plaintiff on the patient's behalf.

[5] The Complaint is not clear what the card or logo looked like. DE 1-1 at 14 ("Further, Patient's member ID card, issued by Defendant, indicates that Defendant recognizes network savings programs, like TPRN, for services provided to patient.").

<u>Count V – Unjust Enrichment</u>

To state a claim for unjust enrichment a plaintiff must allege: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit; and (4) it would be unjust or inequitable for the defendant to retain the benefit without paying fair value for it. *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013). Importantly, the Florida Supreme Court has ruled that for the first element a plaintiff "must **directly** confer the benefit to the defendant." *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017) (emphasis added). Here, the Plaintiff alleges that it conferred a benefit on the Defendant because its medical services "discharged Defendant's legal obligations to Patient," and it "lessen[ed] Defendant's financial exposure." DE 16 at 13. No matter how it is styled, the question before the Court is whether a health provider's provision of services to an insured confers a direct (as opposed to an indirect) benefit on an insurer.

District courts in this Circuit are split on this very question, but this Court has consistently found that the provision of medical services directly benefits a patient, not an insurer. *See Columna*, 2019 WL 4345675, at *3-4; *RMP Enters., LLC v. Connecticut Gen. Life ins. Co.*, No. 18-CV-6110998, at *9 (S.D. Fla. Nov. 21, 2018). Based upon its review of more recent authority, this Court remains convinced that any benefit the Plaintiff may have conferred upon the Defendant was indirect at best, particularly since Florida courts "strictly apply" the direct-conferral requirement. *See Donoff v. Delta Air Lines, Inc.,* No. 18-81258-CV, 2020 WL 1226975, at *12 (S.D. Fla. Mar. 6, 2020). Many recent decisions in this District are in accord. *See Vanguard*, 2023 WL 2168513, at *6; *Vanguard*, No. 22-CV-60628 (S.D. Fla. Jun. 29, 2022) at pp. 9-11; *Vanguard*, No. 21-CV-62403 (S.D. Fla. Feb. 9, 2022) at pp. 7-8; *N. Shore Med. Ctr., Inc. v. Cigna Health & Life Ins. Co.*, No. 1:20-CV-24914, 2021 WL 3419356, at *5 (S.D. Fla. May 10, 2021); *Boca Raton Reg'l Hosp., Inc. v. Celtic Ins. Co.*, No. 19-80650-CIV, 2020 WL 9458896, at *10 (S.D. Fla. Feb.

6, 2020) ("[A] medical provider who treats a patient does not confer a direct benefit on the patient's health insurer."); *GVB MD, LLC v. United Healthcare Ins. Co.*, No. 19-20727-CIV, 2019 WL 3409183, at *8 (S.D. Fla. May 9, 2019); *Peacock Med. Lab, LLC v. UnitedHealth Grp., Inc.*, No. 14-81271-CV, 2015 WL 2198470, at *5 (S.D. Fla. May 11, 2015) ("[A] healthcare provider who provides services to an insured does not benefit the insurer."); *Hialeah Physicians Care, LLC v. Connecticut Gen. Life Ins. Co.*, No. 13-21895-CIV, 2013 WL 3810617, at *4 (S.D. Fla. July 22, 2013) (dismissing unjust enrichment claim with prejudice because "[provider] can hardly be said to have conferred any benefit, even an attenuated one, upon the Plan's insurer by providing Plan beneficiaries with health care services.").

Accordingly, the Court **DISMISSES** Count V.

<u>Counts II and IV – Breach of an Implied-in-Fact Contract</u>[6]

To recover on a contract implied-in-fact, a plaintiff must prove that it "provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.*, 311 So. 3d 39, 48 (Fla. Dist. Ct. App. 2021).  As compared to a claim for breach of an express contract, a claim premised upon an implied-in-fact contract is harder to prove because: "[a] greater burden should be placed upon a plaintiff who relies upon an implied contract than one who uses reasonable care and foresight in protecting himself by means of an express contract." *Bromer v. Fla. Power & Light Co.*, 45 So. 2d 658, 660 (Fla. 1949).

Here, the Defendant argues that the Plaintiff has failed to plead conduct or past dealings between the parties such that a tacit promise to pay any particular amount may be inferred.  In

---

[6] The difference between Count II and Count IV is the amount of money sought by the Plaintiff.

response, the Plaintiff relies upon the allegation that the Defendant was aware that it was performing services on the patient, but the Court does not construe that knowledge as a tacit promise to pay the Plaintiff at any particular rate. And as set forth above, an insurer's pre-approval of insurance coverage is not an agreement to pay a particular amount for medical services. *E.g., Columna*, 2019 WL 4345675, at *3-4. The Plaintiff also relies upon the allegation that the Defendant previously compensated the Plaintiff for surgery on other patients at the Plaintiff's desired rates—rates the Plaintiff negotiated with TPRN—but the Court has already addressed above that the Plaintiff cannot rely upon TPRN to establish a promise by the Defendant, and the Court also fails to see how past compensation for other patients, with other plans, obtaining other services equates to a tacit promise to pay the Plaintiff any specific amount in this case, with this patient.

The closest the Plaintiff comes in its Response to conduct that suggests some sort of relationship between the parties is the Plaintiff's contention that: "Defendant instructed Plaintiff not to balance bill [the patient] for the services." DE 16 at 9. If the Defendant unequivocally instructed the Plaintiff not to bill the patient for the (unpaid) balance owed, without qualification, that factual allegation would give the Court pause. But a careful review of the Complaint shows that the factual allegations are more nuanced than the Response suggests. The Complaint alleges that:

> 63. In connection with such underpayments, Defendant issued remittance notices to Plaintiff in Fort Lauderdale, Florida.
>
> 64. In those remittance notices, Defendant included remarks such as: "Health care professional: patient is not liable for this additional amount ***if you accept the established reimbursement schedule*** allowed amount shown. Call Zelis…before billing the patient more than the amount shown as patient liability.

DE 1-2 at 17-18 (emphasis added). Thus, the Plaintiff alleges that the Defendant effectively made the Plaintiff an offer; the Plaintiff could accept a certain payment from the Defendant but, if it did,

it could no longer bill the patient for a greater amount. Implicit in the Complaint is that the Plaintiff accepted this offer; the Plaintiff accepted the (smaller) payment from the Defendant.

Putting aside whether the Court's usage of the phrase "made an offer" is accurate or whether the parties formed an enforceable agreement of some kind on this issue, the Court does not view this allegation as including a tacit promise from the Defendant that, should the Plaintiff accept a smaller payment from the Defendant, the Defendant would pay the remaining amount in lieu of the patient. Stated differently, the Court fails to see how the Defendant's alleged offer to pay less than the billed amount may be equated to a tacit promise to pay the Plaintiff any particular rate.[7] Finally, the Plaintiff's implied-in-fact counts necessarily require plausible factual allegations that the Defendant <u>assented</u> to pay the Plaintiff some particular amount, but the Plaintiff has not done so. *See Commerce 8098 P'Ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. Dist. Ct. App. 1997). The Court **DISMISSES** Count II and Count IV.

Leave to Amend

Ordinarily, a "court should freely give leave" to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied, however, when amendment would be futile. *E.g., Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). This is no ordinary case, however, and the Plaintiff is no ordinary Plaintiff. The Court takes judicial notice of the fact that the Plaintiff has filed at least seventeen cases in this District, and that all of them were filed within the past three years against various insurers. The Court's review of the complaints and motions to dismiss in those actions shows that the Plaintiff has raised more or less the same legal arguments in many, and quite possibly all, of its cases. In at least one situation, case 22-CV-61086, the Plaintiff's

---

[7] The Plaintiff's reliance upon the allegation that the Defendant informed the patient to call the Defendant if he or she was billed for more money is similarly unpersuasive; the Court fails to see how the Defendant's communication to the insured patient equates to a tacit promise, by the Defendant, to pay the balance amount to the Plaintiff. Rather, the reasonable inference from the Complaint is that the Plaintiff accepted the Docketant's payment and, as a result, the Plaintiff agreed not to bill the patient for the remaining amount.

complaint (drafted by the same counsel) was effectively identical to the instant Complaint, and the parties are identical as well. In short, the Plaintiff has made its legal arguments before, and it has pled its case many times before as well. The Court is persuaded that further amendment on the Plaintiff's breach of contract, promissory estoppel, and unjust enrichment counts would be futile—the Plaintiff has pled everything it can plead, and it has argued everything that it can argue.

Although the futility of amendment on the Plaintiff's implied-in-fact counts is a close question, the Court exercises its discretion in favor of permitting the Plaintiff to amend those counts, Count II and Count IV, if the Plaintiff elects to do so. Because the Court is skeptical that the Plaintiff can state a claim for Count II and Count IV, however, the Court will instruct the Clerk to mark this case as closed.

### Ruling

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss at docket entry 6 is **GRANTED** insofar as this case is **DISMISSED** with limited leave to amend. The Clerk of the Court shall **CLOSE THIS CASE**. In the event the Plaintiff files an amended complaint, it must do so within seven days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of January, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE